# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL VILLAFANE, :
    Petitioner, :
: No. 1:19-cv-702
v. :
: (Judge Rambo)
WARDEN DOUGLAS K. WHITE, :
    Respondent. :

## MEMORANDUM

**I.    BACKGROUND**

On April 25, 2019, Petitioner Angel Villafane ("Villafane"), a prisoner confined at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Villafane asserts that he is entitled to immediate recalculation of his good time credit in light of the First Step Act of 2018, Pub. L. 115-391, signed into law on December 21, 2018. (*Id.*) He claims that under this recalculation, he is entitled to an additional 28 days of good time credit, which would allow him to be released earlier. (*Id.* at 10.) Villafane further argues that delayed implementation of the First Step Act's good time provisions violates due process and equal protection. (*Id.* at 20-22.) He also maintains that without the recalculation, he will be "shorted" 28 days of placement in a residential re-entry center ("RRC"). (*Id.* at 11.)

Villafane filed a motion to supplement his § 2241 petition on May 14, 2019. (Doc. No. 4.) On May 29, 2019, he paid the requisite filing fee. The Court will grant Villafane's motion to supplement and consider the arguments set forth therein. However, for the following reasons, the Court will dismiss Villafane's § 2241 petition without prejudice.

## II.   DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Section 102(b)(1) of the First Step Act "amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year." *See Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 WL 727794, at *1 (E.D. Ky. Feb. 20, 2019). However, these provisions do not take effect until the Attorney General completes the "risk and

needs assessment system," which must be completed within 210 days after December 21, 2018, as provided by sections 101(a) and 102(b)(2) of the First Step Act. *See id.* at *2. Thus, section 102(b)(1) "will not take effect until approximately mid-July 2019." *Christopher v. Wilson*, No. 4:19-cv-214-O, 2019 WL 1745968, at *1 (N.D. Tex. Apr. 18, 2019). Accordingly, Villafane's argument that he is entitled to immediate relief lacks merit, and his request for a recalculation of his good-time credit based upon the amendments is premature. *See, e.g.*, *Nunez v. White*, No. 1:19-cv-551, 2019 WL 2172813, at *2 (M.D. Pa. May 20, 2019) (dismissing § 2241 petition based on delayed effective date of the First Step Act as premature and because petitioner failed to exhaust administrative remedies); *Pizarro v. White*, No. 1:19-cv-343, 2019 WL 1922437, at *1-2 (M.D. Pa. Apr. 30, 2019) (same); *Crittendon v. White*, No. 1:19-cv-669, 2019 WL 1896501, at *1-2 (M.D. Pa. Apr. 29, 2019) (summarily dismissing § 2241 petition for same reasons); *Schmutzler*, 2019 WL 727794, at *2 (same); *see also Dailey v. Bureau of Prisons*, No. 1:19-0662-RMG, 2019 WL 2089167, at *1 (D.S.C. May 13, 2019); *Butler v. Warden, Williamsburg FCI*, No. 4:19-0726-MBS, 2019 WL 2088627, at *1 (D.S.C. May 13, 2019); *Brown v. Warden of FCI Williamsburg*, No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747, at *6-7 (D.S.C. Mar. 25, 2019); *Rizzolo v. Puentes*, No. 1:19-cv-00290-SKO-HC, 2019 WL 1229772, at *3 (E.D. Cal. Mar. 15, 2019); *Sheppard v.*

*Quintana*, No. 5:19-cv-084-DCR, 2019 WL 1103391, at *2 (E.D. Ky. Mar. 8, 2019); *Sennett v. Quintana*, No. 5:19-cv-085-JMH, 2019 WL 1085173, at *2 (E.D. Ky. Mar. 7, 2019).

Moreover, Villafane's argument that delayed implementation of these provisions violates due process and equal protection lacks merit. As the United States District Court for the Eastern District of New York has stated,

> [t]he law is clear that inmates are not a suspect class. As to the question of fundamental rights, the good time credit statute merely authorizes the BOP to offer prisoners the benefit of a reduced sentence in exchange for good behavior. See 18 U.S.C. § 3624(b). It therefore does not implicate any fundamental right implicitly or explicitly guaranteed by the Constitution. The BOP's policy of calculating good time credits is therefore subject only to rational basis review.

*Perez v. Zenk*, No. 04-CV-5069 (CBA), 2005 WL 990696, at *4 (E.D.N.Y. Apr. 11, 2005); *see also Molina v. Underwood*, No. 3:19-cv-641-K-BN, 2019 WL 1533444, at *2 (N.D. Tex. Mar. 19, 2019) (summarily dismissing § 2241 petition seeking immediate recalculation of good-time credit under the First Step Act and rejecting equal protection and due process claims).

Likewise, Villafane's argument that he will be "shorted" RRC time is meritless. Under the current version of 18 U.S.C. § 3624(c), "the [Bureau of Prisons ("BOP")] is authorized to *consider* placing an inmate in a community correctional facility for up to twelve months. However, a prisoner is neither entitled nor

4

guaranteed such placement for any minimum amount of time." *Schmutzler*, 2019 WL 727794, at *2.

Furthermore, while § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Id.* at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998).

Villafane argues that exhaustion would be futile because "there is no realistic change that the BOP's administrative remedy system is empowered to address this question." (Doc. No. 1 at 22.) He argues that without the Court's intervention, he "faces imminent irreparable harm in the form of over-service of the sentenc[e], given

that the correct release date is either imminent or has passed."[1] (*Id.*)  In his motion to supplement, Villafane also argues that the administrative remedy process is unavailable because his counselor has been "absent for extended periods of time" and that he "was told to wait until the counsel comes back as he is the only counselor that can issue the forms and he keeps track of it."  (Doc. No. 4 at 1.)

Villafane's allegations, however, are insufficient to excuse his failure to pursue his available administrative remedies.  *See Schmutzler*, 2019 WL 727794, at *2; *cf. Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (noting that this Court has "consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark [in challenges to RRC placement under the Second Chance Act]'").  As noted above, the BOP "will determine how to implement those portions of" the First Step Act regarding recalculation of good-time credit.  *United States v. Kamber*, No. 09-cr-40050-JPG, 2019 WL 399935, at *2 (S.D. Ill. Jan. 31, 2019).  Once that occurs, Villafane may "file a lawsuit after exhausting administrative remedies."  *Id.*  Thus, Villafane must first request the relief he seeks through the BOP's administrative process before pursuing his claim in this Court.

---

[1] According to the Bureau of Prisons' locator service, Villafane is currently scheduled to be released on November 6, 2019.

## III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Villafane's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) without prejudice. An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: June 3, 2019